UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13 CR 221 CDP-2 |
| | ) | |
| DARYL WARREN, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Presently before the Court is defendant Daryl Warren's fourth motion for compassionate release wherein Warren invokes his "unusually long sentence" as an extraordinary and compelling reason for release under 18 U.S.C. § 3582(c).  I will deny the motion.

Under U.S.S.G. § 1B1.13(b)(6), a defendant may qualify for compassionate release if: (1) they received an unusually long sentence; (2) they have served at least 10 years of that sentence; and (3) there has been a change in the law that would produce a gross disparity between the sentence the defendant is serving and the sentence likely to be imposed at the time the motion is filed, after considering the defendant's individualized circumstances.  Although the defendant here has served more than 10 years of his 211-month sentence, I cannot say that the 211-month sentence itself is unusually long.

In 2014, a jury convicted Warren of conspiring to possess with intent to distribute cocaine (Count III), possessing firearms in furtherance of a drug trafficking crime (Count IV), and being a felon in possession of firearms (Count V).  The guideline sentencing range for his convictions were:  188-235 months on Count III; 120 months on Count IV; and a mandatory 5-year consecutive sentence on Count V.  Anticipating expected amendments to the sentencing guidelines relevant to Count III, I departed downward on that count and sentenced Warren to 151 months' imprisonment on that count.  I sentenced him to a 120-month concurrent sentence on Count IV and a mandatory 60-month consecutive sentence on Count V, for an aggregate sentence of 211 months.  Had I not departed downward on Count III, the low-end guideline sentence would have been 248 months in the aggregate.

I do not consider Warren's 211-month sentence unusually long.  Warren received the benefit of anticipated guidelines amendments that were not yet in effect and was sentenced well below the then-applicable guideline range.  *See United States v. Daniels*, No. CR 12-233 (DWF/TNL), 2025 WL 1136082, at *3 (D. Minn. Apr. 16, 2025) (sentence below the applicable guideline range is not unusually long); *United States v. Huerta-Gonzalez*, No. 16-cr-319, 2024 WL 2411483, at *1 (D. Minn. May 23, 2024) (same); *United States v. Horvath*, No. 2:13-CR-00099-JAD-PAL-1, 2024 WL 3276338, at *3 (D. Nev. July 2, 2024) (same).  Moreover, Warren does not identify any intervening change in the law

- 2 -

which would result in him receiving a much lower sentence if he were sentenced today. Although Warren cites *United States v. Evans*, 759 F. Supp. 3d 1247 (S.D. Fla. 2024), as a case supporting compassionate release because of an unusually long sentence, the court in that case identified "[a] peculiar confluence of factors" and "atypical circumstances" that caused the defendant's "harsh 684-month sentence," *see id.* at 1253, none of which are present here. And the intervening law that warranted a sentence reduction for Evans's offenses committed in 1993 – namely the Supreme Court decisions of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Rosemond v. United States*, 572 U.S. 65 (2014) – does not apply to the circumstances of Warren's sentence.

I continue to believe that a term of 211 months is the appropriate sentence in this case when considering all the sentencing factors listed in 18 U.S.C. § 3553(a). Under the circumstances of this case, I do not believe a reduction of sentence is warranted under 18 U.S.C. § 3582(c) at this time.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Daryl Warren's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [351] is **DENIED.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of October, 2025.

- 3 -